**In re GRAND JURY SUBPOENA DUCES TECUM SERVED UPON ARK ROYAL INDUSTRIES AND RABANNE ESTABLISHMENT.**

**No. 85–8 (MIA).**

United States District Court, S.D. Florida, Miami Division.

June 12, 1986.

Norman Moscowitz, Asst. U.S. Atty., Miami, Fla., for the Government.

Alan L. Weisberg, Miami, Fla., for defendant.

## MEMORANDUM OPINION & ORDER DIRECTING CLERK OF THE COURT TO SEQUESTER THE RECORDS OR ARK ROYAL INDUSTRIES AND RABANNE ESTABLISHMENT

SPELLMAN, District Judge.

This CAUSE comes before the Court on the Government's Request for this Court to Order Sequestration by the Clerk of the Court of the Records of Ark Royal Industries and Rabanne Establishment.

Initially this problem presented itself to the Court in the form of two related Grand Jury matters, *In Re: Grand Jury Subpoenas Duces Tecum Served Upon 22nd Avenue Drugs, Inc., Silver Star Export, Inc., and Sea Gull Marine, Inc.,* and *In Re; Grand Jury Subpoena Duces Tecum Served Upon Ark Royal and Rabanne Establishment.* With respect to the first matter, this Court held an in-camera Hearing. At this Hearing the attorneys represented to this Court that they were appearing on behalf of the corporations. This Court advised the attorneys, as representatives of the respective corporations and as officers of the Court, to immediately take custody of all documents to which the subpoenas, as modified, were directed. This Court further directed counsel to retain the documents pending further order of this Court. *See* Order of March 31, 1986 in *In Re: Grand Jury Subpoenaes Duces Tecum,* GJ–85–2 SPELLMAN.

· The second matter with respect to Ark Royal Industries and Rabanne Establishment followed a slightly different course. Alan L. Weisberg, esq., the attorney for Eric Blum, did not indicate to this Court that he represented the corporate entities. An Order similar to the one entered in 22nd Avenue, Silver Star and Sea Gull was issued. Mr. Weisberg had previously agreed to take custody of the records pending the outcome of the proceedings. The attorney was directed to retain custody of the documents and records to which the subpoenas were directed. *See* Order of March 31, 1986.

On April 9, 1986, this Court issued a Memorandum Opinion and Order in which it outlined the steps for resolving the situation where subpoenas are directed to corporations and custodians of records who claim that the act of production violates their right against compulsory self-incrimination. In this Opinion, the Court ordered the *corporations* to secure representatives who would produce the subpoenaed documents within ten (10) days from the date of entry of the Order. The Court then stated:

> Although this Court can not anticipate that the corporations before it will encounter obstacles to securing said representatives, this Court does have at its disposal alternate means of accomplishing the intended results. In lieu of the corporations appointing the representatives, this Court may direct the clerk of . this Court to sequester said records for production. This Court may also direct the Secretary of State, the agent upon whom service may be served, to come forth with the subpoenaed documents.

With respect to the first matter, no difficulties complying with the Court's Order have presented themselves. An obstacle, how-

ever, did arise in regard to the production of the records of Ark Royal Industries and Rabanne Establishment. On April 21, 1986, counsel for Eric Blum indicated to government counsel that he would not be able to produce the records in his possession

Subsequently, the Government has filed a Motion for an Order for Sequestration of Records. In his Response, Alan Weisberg, formerly the attorney of Eric Blum, has indicated that he is holding the records as ordered by the Court, but unlike counsel in the other Grand Jury matter, he does not act as representative for either of the corporate entities. He has also explained that he no longer represents Eric Blum and has been unable to contact this former client.

After having reviewed the Government's Motion and the Response, this Court finds an Order of Sequestration to be the appropriate relief. Courts do have the power to enforce compliance with their lawful Orders. *See Shillitani v. United States,* 384 U.S. 364, 370, 86 S.Ct. 1531, 1535, 16 L.Ed.2d 622 (1966). This Court's Memorandum Opinion and Order of April 9, 1986 was directed explicitly to the *corporations.* The *corporations* themselves were directed to produce the documents. It is an old and accepted tenet that a court must exercise "the least possible power adequate to the end produced." *Anderson v. Dunn,* 19 U.S. 204, 231, 6 Wheat. 204, 231, 5 L.Ed. 242 (1821); *In re Michael,* 326 U.S. 224, 227, 66 S.Ct. 78, 79, 90 L.Ed. 30 (1945). In this instance, the imposition of sanctions on the corporation in a fixed amount per day is likely to be ineffective as it may not be possible to reach the assets of these corporations. Instead, sequestration of the records by the Clerk of the Court is the more productive means to accomplish the desired ends. Therefore, it is hereby,

ORDERED AND ADJUDGED that the Clerk of this Court or a duly appointed depty sequester the records of Ark Royal Industries and Rabanne Establishment, now in the possession of Alan L. Weisberg, Esq. and thereafter comply with this Court's Memorandum Opinion and Order by producing the subpoenaed records for the Grand Jury investigation within twenty (20) days from the date of entry of this Order.